# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-268

———————————————

JONATHAN WRIGHT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

May 2, 2019

PER CURIAM.

Jonathan Wright appeals an order denying his motion for postconviction relief.  While we find no error in most of the trial court's disposition, we agree with Mr. Wright that the court's record attachments do not refute his claim of entitlement to additional jail credit.

In 1985, Jonathan Wright was sentenced for two counts of attempted second-degree murder, four counts of armed robbery, and three counts of attempted armed robbery.  In 2007, he was re-sentenced following this court's decision in *Wright v. State*, 941 So. 538 (Fla. 1st DCA 2006).

In the instant motion, Mr. Wright contended that while awaiting re-sentencing he was held in Duval County Jail from May

29, 2007 until November 22, 2007. He claimed that he was entitled to jail credit for this time. The trial court denied relief, finding that the motion was legally insufficient, and that Mr. Wright was not entitled to the credit on the merits.

We disagree with the court's conclusion that the motion was legally insufficient. Criminal defendants are entitled to credit for time spent in county jail awaiting re-sentencing. *Middleton v. State*, 213 So. 3d 963 (Fla. 1st DCA 2015). And Mr. Wright's motion alleged everything that was required pursuant to Florida Rule of Criminal Procedure 3.801. The record attachments do not conclusively refute his jail credit claim. *See McIntosh v. State*, 146 So. 3d 1291 (Fla. 1st DCA 2014) ("Rule 3.801(e) . . . requires the circuit court to attach to its order denying a motion seeking additional jail credit records that conclusively refute the motion.").

On remand, the court should grant relief, unless the jail and/or prison records show that Mr. Wright received the credit due for the time he spent in jail from May 29, 2007 until November 22, 2007. If the court denies relief, it must include record attachments showing that the defendant is not entitled to relief for this period of time.

Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings not inconsistent with this opinion.

B.L. THOMAS, C.J., and ROBERTS and OSTERHAUS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jonathan Wright, Appellant, pro se.

Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.